UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

WALTER WOLICKI,

                Plaintiff,

v.                                                              5:25-CV-0403
                                                                (GTS/MJK)
PAPERWORKS INDUSTRIES, INC.,

                Defendant.
_____

APPEARANCES:                                   OF COUNSEL:

GATTUSO & CIOTOLI                              RYAN G. FILES, ESQ.
  Counsel for Plaintiff
The White House
7030 East Genesee Street
Fayetteville, NY 13066

GOLDBERG SEGALLA LLP                           CHRISTOPHER P. MAUGANS, ESQ.
  Counsel for Defendant                       CHLOE J. NOWAK, ESQ.
665 Main Street
Buffalo, NY 14213

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

      Currently before the Court, in this disability discrimination action filed by Walter

Wolicki ("Plaintiff") against PaperWorks Industries, Inc. ("Defendant"), is Defendant's motion

to dismiss Plaintiff's Amended Complaint for failure to state a claim pursuant to Fed. R. Civ. P.

12(b)(6). (Dkt. Nos. 8, 14.)  For the reasons set forth below, Defendant's motion is denied.

## I.     RELEVANT BACKGROUND

### A.     Relevant Procedural History

Plaintiff filed the Complaint on April 1, 2025. (Dkt. No. 1.) On June 2, 2025, Defendant filed a motion to dismiss that Complaint for failure to state a claim in lieu of an Answer. (Dkt. No. 8.) In response to that motion, Plaintiff filed the Amended Complaint as of right on June 20, 2025. (Dkt. No. 10.) Pursuant to a Text Order dated June 26, 2025, Defendant requested leave to supplement its motion through a letter-brief in light of the Amended Complaint (a request which was granted by the Court on July 1, 2025). (Dkt. Nos. 12, 13.) Defendant filed that supplemental letter-brief on July 18, 2025. (Dkt. No. 14.)

### B.    Plaintiff's Amended Complaint

In the Amended Complaint, Plaintiff asserts two claims: (1) a claim of disability discrimination pursuant to the Americans with Disabilities Act ("ADA") based on the termination of his employment; and (2) a claim of disability discrimination pursuant to the New York State Human Rights Law ("NYSHRL") based on the same occurrence. (Dkt. No. 10.)

### C.    Parties' Briefing on Defendant's Motion to Dismiss

#### 1.    Defendant's Memorandum of Law and Supplemental Letter-Brief

Generally, in its memoranda, Defendant makes four arguments.[1] (Dkt. No. 8, Attach. 3; Dkt. No. 14.) First, Defendant argues that Plaintiff has failed to state a prima facie case of disability discrimination under the ADA because he has failed to allege facts to plausibly suggest that he suffers from a disability covered under that statute. (Dkt. No. 8, Attach. 3, at 4-7; Dkt. No. 14, at 1-2.) More specifically, Defendant argues that, although Plaintiff has alleged that he

---

[1]    In addition to the arguments discussed above, Defendant argued that the failure to engage in the interactive process is not a viable claim under either the ADA or NYSHRL. (Dkt. No. 8, Attach. 3, at 10.) However, Plaintiff effectively withdrew that claim by removing it from his Amended Complaint.

has been diagnosed with posttraumatic stress disorder ("PTSD") and degenerative disc disease, he has not alleged sufficient facts to plausibly suggest in a non-conclusory manner that those diagnoses significantly affect his ability to perform a major life activity.  (*Id.*)

Second, Defendant argues that Plaintiff has failed to state a claim for failure to accommodate his disability because (a) he, as argued above, did not plausibly allege a qualifying disability, (b) he has admitted that he was not denied accommodations, (c) his own factual allegations plausibly suggest that he failed to provide the relevant information requested by Defendant in order to determine his entitlement to accommodations, and (d) his essential duties require him to work in person and therefore there was no error in declining to provide him with the ability to work remotely from home as he requested.  (Dkt. No. 8, Attach. 3, at 7-10; Dkt. No. 14, at 2-3.)

Third, Defendant argues that, if the Court dismisses Plaintiff's ADA claim for failure to plausibly allege the existence of a disability, it should decline to exercise supplemental jurisdiction over Plaintiff's NYSHRL claim.  (Dkt. No. 8, Attach. 3, at 10-11.)

Fourth, Defendant argues that Plaintiff should not be permitted another chance to amend the Amended Complaint if the Court finds the allegations insufficient because any such leave to amend would be futile in the absence of an indication that additional facts exist that could bolster Plaintiff's allegations.  (Dkt. No. 14, at 3.)

### 2.     Plaintiff's Opposition Letter-Brief

Generally, in opposition to Defendant's motion, Plaintiff makes three arguments.  (Dkt. No. 15.)  First, Plaintiff argues that his allegations in the Amended Complaint are sufficient to plausibly suggest that he has qualified physical and mental disabilities under the meaning of the

ADA because he has alleged facts plausibly suggesting that (a) he has been diagnosed with PTSD and degenerative disc disease, (b) those impairments negatively impact his ability to engage in specific major life activities, and (c) the limitation he experiences in his ability to perform those major life activities is substantial. (*Id.* at 1-4.)

Second, Plaintiff argues that Defendant's argument regarding a failure-to-accommodate claim is moot because Plaintiff has not asserted any such claim in his Amended Complaint. (*Id.* at 4-5.)

Third, Plaintiff argues that, should the Court find his allegations insufficient, he should be permitted to amend the Amended Complaint because he can add factual allegations plausibly suggesting the existence of diversity jurisdiction that would permit the Court to consider his NYSHRL claim even if the ADA claim is dismissed, and he can add factual allegations further plausibly suggesting the nature and severity of his impairments. (*Id.* at 5-8.)

### 3.    Defendant's Reply Letter-Brief

Generally, in reply to Plaintiff's arguments, Defendant makes three arguments. (Dkt. No. 16.) First, Defendant argues that the Court should not consider evidence submitted with Plaintiff's letter-brief, specifically Plaintiff's affidavit and a medical certification provided by his physician, because those pieces of evidence are not part of the Amended Complaint, incorporated by reference into the Amended Complaint, or integral to the Amended Complaint. (*Id.* at 1-3.) Defendant additionally argues that, if the Court intends to consider such evidence, it must convert the motion to a motion for summary judgment and allow Defendant the opportunity to submit evidence in response. (*Id.* at 3.)

Second, Defendant argues that Plaintiff's allegations regarding the existence of a disability are too conclusory to meet the standard. (*Id.* at 3-4.)

Third, Defendant argues that Plaintiff should not be permitted to amend his operative pleading again because any additional factual allegations he may be able to plead regarding either diversity jurisdiction or the effect of his impairments should have been included when he amended the first time. (*Id.* at 4-5.)

## II.     GOVERNING LEGAL STANDARD

It has long been understood that a dismissal for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), can be based on one or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2); or (2) a challenge to the legal cognizability of the claim. *Jackson v. Onondaga Cty.*, 549 F. Supp.2d 204, 211 nn. 15-16 (N.D.N.Y. 2008) (McAvoy, J.) (adopting Report-Recommendation on *de novo* review).

Because such dismissals are often based on the first ground, some elaboration regarding that ground is appropriate. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a *short and plain* statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) [emphasis added]. In the Court's view, this tension between permitting a "short and plain statement" and requiring that the statement "show[]" an entitlement to relief is often at the heart of misunderstandings that occur regarding the pleading standard established by Fed. R. Civ. P. 8(a)(2).

On the one hand, the Supreme Court has long characterized the "short and plain" pleading standard under Fed. R. Civ. P. 8(a)(2) as "simplified" and "liberal." *Jackson*, 549 F.

Supp. 2d at 212 n.20 (citing Supreme Court case).  On the other hand, the Supreme Court has

held that, by requiring the above-described "showing," the pleading standard under Fed. R. Civ.

P. 8(a)(2) requires that the pleading contain a statement that "give[s] the defendant *fair notice of*

what the plaintiff's claim is and the grounds upon which it rests." *Jackson*, 549 F. Supp. 2d at

212 n.17 (citing Supreme Court cases) (emphasis added).

The Supreme Court has explained that such *fair notice* has the important purpose of

"enabl[ing] the adverse party to answer and prepare for trial" and "facilitat[ing] a proper decision

on the merits" by the court.  *Jackson*, 549 F. Supp. 2d at 212 n.18 (citing Supreme Court cases);

*Rusyniak v. Gensini,* 629 F. Supp. 2d 203, 213 & n.32 (N.D.N.Y. 2009) (Suddaby, J.) (citing

Second Circuit cases).  For this reason, as one commentator has correctly observed, the "liberal"

notice pleading standard "has its limits."  2 *Moore's Federal Practice* § 12.34[1][b] at 12-61 (3d

ed. 2003).  For example, numerous Supreme Court and Second Circuit decisions exist holding

that a pleading has failed to meet the "liberal" notice pleading standard.  *Rusyniak*, 629 F. Supp.

2d at 213 n.22 (citing Supreme Court and Second Circuit cases); *see also Ashcroft v. Iqbal*, 129

S. Ct. 1937, 1949-52 (2009).

Most notably, in *Bell Atlantic Corp. v. Twombly*, the Supreme Court reversed an

appellate decision holding that a complaint had stated an actionable antitrust claim under 15

U.S.C. § 1.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  In doing so, the Court

"retire[d]" the famous statement by the Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957),

that "a complaint should not be dismissed for failure to state a claim unless it appears beyond

doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him

to relief."  *Twombly*, 127 S. Ct. at 560-61, 577.  Rather than turn on the *conceivability* of an

6

actionable claim, the Court clarified, the "fair notice" standard turns on the *plausibility* of an actionable claim. *Id*. at 555-70. The Court explained that, while this does not mean that a pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the pleading must contain at least "some factual allegation[s]." *Id*. at 555. More specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]," assuming (of course) that all the allegations in the complaint are true. *Id*.

As for the nature of what is "plausible," the Supreme Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not show[n]–that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (internal quotation marks and citations omitted). However, while the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," *id*., it "does not impose a probability requirement." *Twombly*, 550 U.S. at 556.

Because of this requirement of factual allegations plausibly suggesting an entitlement to relief, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. Similarly, a pleading that only "tenders naked assertions devoid of further factual enhancement"

will not suffice.  *Iqbal*, 129 S. Ct. at 1949 (internal citations and alterations omitted).  Rule 8

"demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id.*

Finally, a few words are appropriate regarding what documents are considered when a

dismissal for failure to state a claim is contemplated.  Generally, when contemplating a dismissal

pursuant to Fed. R. Civ. P. 12(b)(6) or Fed. R. Civ. P. 12(c), the following matters outside the

four corners of the complaint may be considered without triggering the standard governing a

motion for summary judgment: (1) documents attached as an exhibit to the complaint or answer,

(2) documents incorporated by reference in the complaint (and provided by the parties), (3)

documents that, although not incorporated by reference, are "integral" to the complaint, or (4)

any matter of which the court can take judicial notice for the factual background of the case.[2]

---

[2]     *See* Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a
pleading is a part thereof for all purposes."); *L-7 Designs, Inc. v. Old Navy, LLC*, No. 10-573,
2011 WL 2135734, at *1 (2d Cir. June 1, 2011) (explaining that conversion from a motion to
dismiss for failure to state a claim to a motion for summary judgment is not necessary under Fed.
R. Civ. P. 12[d] if the "matters outside the pleadings" in consist of [1] documents attached to the
complaint or answer, [2] documents incorporated by reference in the complaint (and provided by
the parties), [3] documents that, although not incorporated by reference, are "integral" to the
complaint, or [4] any matter of which the court can take judicial notice for the factual
background of the case); *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010)
(explaining that a district court considering a dismissal pursuant to Fed. R. Civ. 12(b)(6) "may
consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and
documents incorporated by reference in the complaint. . . .  Where a document is not
incorporated by reference, the court may nevertheless consider it where the complaint relies
heavily upon its terms and effect, thereby rendering the document 'integral' to the complaint. . . .
However, even if a document is 'integral' to the complaint, it must be clear on the record that no
dispute exists regarding the authenticity or accuracy of the document.  It must also be clear that
there exist no material disputed issues of fact regarding the relevance of the document.")
[internal quotation marks and citations omitted]; *Chambers v. Time Warner, Inc.*, 282 F.3d 147,
152 (2d Cir. 2009) ("The complaint is deemed to include any written instrument attached to it as
an exhibit or any statements or documents incorporated in it by reference.") (internal quotation
marks and citations omitted); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72

**III.    ANALYSIS**

**1.    Whether Plaintiff Has Alleged Facts to Plausibly Suggest He Has a Disability Under the ADA**

After careful consideration, the Court answers the above question in the affirmative for the reasons stated in Plaintiff's opposition letter-brief.  *See, supra,* Part I.C.2 of this Decision and Order.  To those reasons, the Court adds the following analysis (which is intended to supplement, and not supplant, the reasons stated by Plaintiff).

"Beyond simply identifying an impairment, [the disability] standard requires . . . Plaintiff to plead facts supporting a reasonable inference that [he] is substantially limited in [his] ability to engage in such major life activities as caring for [himself]; performing manual tasks; walking; seeing; hearing; or working." *Gentleman v. State Univ. of New York Stony Brook*, 16-CV-2012, 2017 WL 2468963, at *3 (E.D.N.Y. June 6, 2017), *aff'd*, 21-1102, 2022 WL 1447381 (2d Cir. 2022).  "Generally, to sufficiently allege that an impairment interferes with a major life activity, a plaintiff must elaborate on whether the alleged impairment interfered with his alleged major life activity 'during the period of alleged discrimination by Defendants.'" *Earl v. Good Samaritan Hosp. of Suffern NY*, 625 F. Supp. 3d 292, 304 (S.D.N.Y. 2022) (quoting *Telemaque v. Marriott Int'l , Inc.*, 14-CV-6336, 2016 WL 406384, at *9 [S.D.N.Y. Feb. 2, 2016]).  "Further, the plaintiff's allegations must contain sufficient factual support for his or her purported

---

(2d Cir.1995) (per curiam) ("[W]hen a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which it solely relies and which is integral to the complaint," the court may nevertheless take the document into consideration in deciding [a] defendant's motion to dismiss, without converting the proceeding to one for summary judgment.") (internal quotation marks and citation omitted).

limitations, such as describing in some 'detail the frequency, duration, or severity of [his or her limitations].'" *Earl*, 625 F. Supp. 3d at 304 (quoting *Kelly v. N.Y. State Office of Mental Health*, 200 F. Supp. 3d 378, 393 [E.D.N.Y. 2016]).

"The bar to plead a substantial impairment is not high, and the definition of disability should be construed 'in favor of broad coverage.'" *Papaliberios v. Mount Sinai Health Sys., Inc.*, 23-CV-8661, 2025 WL 964114, at *3 (E.D.N.Y. Mar. 31, 2025) (quoting 42 U.S.C. § 12102[4][A]).  However, "it is well-established that a plaintiff must do more than proffer 'conclusory statements' to adequately assert a substantial limitation for the purposes of stating a claim under the ADA."  *Dominguez v. Bd. of Edu. of Yonkers City Sch. Dist.*, 23-CV-2460, 2025 WL 1285862, at *4 (S.D.N.Y. May 2, 2025) (citing *Kelly*, 200 F. Supp. 3d at 393).  "[A]llegations that 'merely track the language of the statute' or vague, conclusory assertions without details on how a plaintiff's condition actually affects a major life activity are insufficient' to survive a motion to dismiss."  *Dominguez*, 2025 WL 1285862, at *4 (quoting *Cain v. Mandl Coll. of Allied Health*, 14-CV-1729, 2017 WL 2709743, at *4 [S.D.N.Y. June 22, 2017]).

In his Amended Complaint, Plaintiff alleges the following relevant facts regarding his medical conditions: (a) he was diagnosed with PTSD in approximately 2015 and with degenerative disc disease in approximately 2016 due to prior military service in the U.S. Army; (b) his PTSD "significantly impacts his ability to sleep, concentrate, and communicate," "routinely disrupts his sleep pattern, limiting him to sleeping for only around four (4) hours at a time," and "affects his ability to effectively communicate, such as causing him to avoid interacting with other people and impacting his ability to express emotions"; (c) his degenerative

10

disc disease "causes him physical pain in his back on a daily basis, limiting his ability to lift heavy weight, bend his body, and stand for extended periods of time," and such pain "can flare up at times, becoming extremely painful and significantly hindering his physical mobility and flexibility (ex. limits reaching, bending, standing, crouching, etc.)," such that "the level of impact these conditions have on Plaintiff vary from day to day depending on their severity and whether they have been exacerbated"; and (d) these conditions and their adverse impact on his daily living "will last for an indefinite amount of time."  (Dkt. No. 10, at ¶¶ 15-23.)

These allegations do more than supply conclusory statements that merely track the language of the statute.  Particularly as to his degenerative disc disease, Plaintiff has alleged that the pain that condition produces causes limitations on his ability to perform certain tasks such as lifting, bending and standing, providing some details regarding the frequency, duration, and severity that go beyond just parroting the language of the statute.  He also provides factual allegations plausibly suggesting precisely how his PTSD impacts his ability to sleep and the specific ways in which it hinders his ability to interact with or communicate with others.  Further, Plaintiff provides factual allegations plausibly suggesting the frequency, severity, and duration of the alleged limitations.  Defendant's assertion that these allegations are too vague or conclusory ignores the full extent of the facts Plaintiff has provided, instead focusing on the use of certain words as evidence of a lack of specificity.  Simply stated, the allegations in this case are not sufficiently similar to those in the cases cited by Defendant to be deemed to be insufficient.  (*See* Dkt. No. 14 at 2 [citing four factually distinguishable cases].)

Moreover, the Court is not convinced by Defendant's argument that the Court lacks the ability to consider the "Physician Medical Certification for Request for Reasonable

Accommodation" that has been submitted as an exhibit to Plaintiff's response letter-brief on this motion to dismiss. While Defendant is correct that this document was not filed as part of the Amended Complaint itself, it is incorrect that this document has not been incorporated into the Amended Complaint by reference. *See Jorgensen v. Cnty of Suffolk*, 558 F. Supp. 3d 51, 58 n.4 (E.D.N.Y. 2021) (finding that certain grand jury minutes were incorporated by reference where they were specifically referenced in the amended complaint and were integral to the plaintiff's asserted claim); *Liu Yao-Yi v. Wilmington Trust Co.*, 301 F. Supp. 3d 403, 413 (W.D.N.Y. 2017) ("[W]here a complaint 'explicitly refers to and relies upon' the documents outside of the complaint, those documents are incorporated by reference."); *Moore v. Newton*, 220 F. Supp. 3d 275, 280 n.5 (E.D.N.Y. 2016) (finding that transcripts from parole revocation hearings and decision were incorporated into the complaint because the complaint quoted from the hearing transcripts and the claims were predicated on the timing and nature of the hearings); *cf Williams v. Time Warner Inc.*, 440 F. App'x 7, 9 (2d Cir. 2011) ("A mere passing reference or even references, however, to a document outside of the complaint does not, on its own, incorporate the document into the complaint itself.").

     Plaintiff specifically references this document in the Amended Complaint, alleging that

> "On July 25, 2023, Defendant received a completed "Physician Medical Certification For Request for Reasonable Accommodations" form from Plaintiff's doctor in connection with his accommodation requests. This medical form confirmed that Plaintiff suffered from both "chronic low back pain" and "chronic PTSD," and that these conditions caused him "low back pain," "insomnia," and physical limitations with stooping, pulling, pushing, reaching below waist, twisting, and carrying. This form also confirmed that Plaintiff had been receiving treatment from the VA since 2021, and that the accommodations would be "long term."

(Dkt. No. 10, at ¶ 56.)  In addition, he obliquely references the document in the next paragraph when he alleges that, 23 days later, Defendant asked for "more information" (than that stated in the document) from the physician.  (*Id.* at ¶ 57.)

Contrary to Defendant's argument, this is hardly a "mere brief reference" to the document.  The allegations indeed discuss in some detail the content of the document in a manner that is directly relevant to his asserted claim of disability discrimination.  This is sufficient to incorporate the document by reference, and the Court is therefore permitted to consider that document without converting the current motion to a motion for summary judgment.[3]

The document only further bolsters the factual allegations Plaintiff has included in the Amended Complaint as discussed above.  In it, his physician notes the relevant diagnoses, lists Plaintiff's symptoms resulting from those conditions, and assesses Plaintiff's functional limitations in specific areas, including noting that Plaintiff is unable to perform certain listed activities and that he cannot lift or carry weight greater than ten pounds.  (Dkt. No. 15, Attach. 1, at 3.)  This document therefore undeniably provides specific information to plausibly suggest that Plaintiff's degenerative disc disease in particular imposed substantial limitations on his ability to perform various major life activities.

Defendant argues that the document in fact undermines Plaintiff's factual allegations, because, in the document, in response to a question asking whether Plaintiff's conditions impose

---

[3]     The Court will not, however, consider Plaintiff's affidavit submitted along with his opposition letter-memorandum, because it is neither incorporated by reference nor integral to the Amended Complaint.

limitations on his daily activities, Plaintiff's physician wrote, "Activities of Daily Living –
None." (Dkt. No. 16, at 3 [citing Dkt. No. 15, Attach. 1, at 3].) For the sake of brevity, the
Court will linger on the difference between "major life activities" and "activities of daily living."
More important is that the next line of the document states that limitations on Plaintiff's "daily
activities" exist in the form of limitations on Plaintiff's "Activities [related to] work," which are
"noted above." (Dkt. No. 15, Attach. 1, at 3.) This fact renders Defendant's argument
unpersuasive, given that, at this stage of the litigation, the Court must construe all facts in the
light most favorable to Plaintiff (so any ambiguity in the physician's statement must be resolved
in favor of Plaintiff for the moment).[4]

For all of the above reasons, the Court finds that Plaintiff has alleged facts to plausibly
suggest that he has an impairment that substantially limits a major life activity, and therefore
Defendant's motion on that point is denied. The Court notes that Defendant has not moved to
dismiss Plaintiff's disability discrimination claim on any basis other than the question of whether
Plaintiff was disabled within the meaning of the ADA.

    **2.**     **Whether Plaintiff Has Stated a Failure-to-Accommodate Claim**

---

[4]    In other words, a liberal construction of the document plausibly suggests that the
statement "Activities of Daily Living – None" does not undermine Plaintiff's allegation that he
suffers from substantial limitations on his ability to perform various major life activities.
Specifically, the document asks "Does the patient's condition impose any *other* limitation on
his/her daily activities? If yes, identify[.]" (Dkt. No. 15, Attach. 1, at 3 [emphasis added].) By
"other," the document means other than the current limitations on Plaintiff's "ability to perform
his . . . job duties," which are stated immediately before the question. In response to the
question, the physician writes "activities of daily living–none" and "activities r/t work noted
above." (*Id.*) If no limitations on Plaintiff's "daily activities" existed at all, then the physician
would not have answered the question other than to say "no."

After careful consideration, the Court answers the above question in the negative for the reasons stated in Plaintiff's opposition letter-brief, namely that he has not intended to assert a failure-to-accommodate claim. *See, supra,* Part I.C.2 of this Decision and Order.

Defendant argues that Plaintiff's Amended Complaint fails to state a plausible claim for failure to accommodate under the ADA. (Dkt. No. 8, at 7-10; Dkt. No. 14, at 2-3.) However, as Plaintiff points out, he has not asserted any such claim in his Amended Complaint. Plaintiff's first claim, as discussed above, is clearly labeled and framed as a disability discrimination claim that is premised on Defendant's termination of his employment because of an erroneous belief that his disability rendered him unable to perform the essential functions of his job with or without reasonable accommodation. (Dkt. No. 10, at ¶¶ 88-111.) The only other claim asserted in the Amended Complaint is also a disability discrimination claim unrelated to the failure to provide a certain accommodation. (*Id.* at ¶¶ 112-21.) Plaintiff did initially assert a claim premised on Defendant's alleged failure to engage in the interactive process pursuant to the NYSHRL, but that claim was removed in the Amended Complaint. (Dkt. No. 1, at ¶¶ 88-99.) As a result, Defendant's argument that any claim for failure to accommodate should be dismissed is moot.

**ACCORDINGLY**, it is

**ORDERED** that Defendant's motion to dismiss Plaintiff's Amended Complaint for failure to state a claim (Dkt. Nos. 8, 14) is **DENIED**.

Dated: January 26, 2026
      Syracuse, New York

Glenn T. Suddaby
U.S. District Judge

15